Curia, per DuNKiN, Ch.
The complainant, then a ihinoi’, became the wife of the defendant, Seth Daniel, in the latter part of November, 1838. On the 7th January, 1839, a settlement was made between Daniel and his co-defendant, Joseph .Allen, who had been for several years the guardian of the complainant. It was ascertained that the guardian had received certain sums of money on account of the complainant’s share of her father’s personal estate. He gave his note for the amount, and took the husband’s receipt and discharge. The note was placed in the hands of á third person, and was settled by Allen’s paying a debt, in June following, which Daniel owed to one Fogler, and for which Allen was'surety.
The real estate of the complainant’s father had been sold, since his death, by the order of this court, and the fund was in the hands of the commissioner. On the 9th January, 1839, Daniel gave Allen a receipt for three hundred and fifty dollars, purporting 'to be in full of his wife’s share of her father’s real estate. In January, 1841, Allen received from the administrator'of the commissioner two hundred and sixty dollars, in part of the real estate.
*118 The bill was filed for an account, and was dismissed by the Chancellor.
The grounds of appeal, as well as the argument offered in support of them, assume a very wide range; but it is deemed better in this, as in most other cases, to confine the judgment of the court to the questions presented by the pleadings and the proof. The only point is whether the defendant, Allen, has violated his duty as guardian, has been guilty of a breach of trust, on the ground that the complainant was under age when she married Daniel, and when he, the defendant, made the settlement with the husband.
In respect to the personalty, it seems to the court that, without more, this transaction cannot be impeached. It has been repeatedly held that the possession of the guardian was sufficient to vest the marital right. Davis vs. Rhame, 1 McC. Ch. 191.
Allen was in possession of the wife’s money, or he was indebted to her in that amount. If the husband had sued him in his own name, the demand could not be resisted. If the guardian had actually paid the money to the husband, it is difficult then to perceive on what principle he should be afterwards accountable, although the wife was a minor at the time of the marriage. The validity of that ceremony not being impeached, its incidents necessarily attach. But the defendant has paid the money in discharge of the husband’s debt, and with his consent. As to the personal estate, the court is of opinion that the bill was properly dismissed.
But at the time of the marriage, the defendant, Allen, had received no part of the proceeds of his ward’s real estate. Having been sold under proceedings of this court, the fund was still in the custody of the court. It could not properly be paid over, either to him, or to the husband, without an order of the court.
Allen received the money from the administrator of the former commissioner in January, 1841, more than two years after his guardianship was at an end. It was the d,uty of the administrator to have paid over the funds in his hands to the successor in office of his intestate. This court cannot permit this irregular proceeding to vary the rights of the parties. The subject is fully discussed, and the duty of the court in regard to the interests of femes covert indicated, in Wardlaw vs. Gray, 2 Hill Ch. 652. The receipt given by the husband on the 9th January, 1839, can have no greater effect than to place the defendant, (Allen) in the *119 condition of the husband’s assignee for valuable consideration, and this claim is subordinate to "that of the wife.
It is ordered and decreed that the defendant, Joseph Allen, pay over to the commissioner the sum of two hundred and sixty dollars, with interest from the 4th of January, 1841; that the commissioner ascertain and report the whole amount due to the complainant on account of the proceeds of her real estate, and that he also report the terms of a settlement, and a fit and proper person to be appointed a trustee for the complainant.
It is further ordered that the defendant, Joseph Allen, pay the costs of the proceedings, except those of his co-defendant, Seth Daniel, who is to pay his own costs, and that the decree of the circuit court be reformed accordingly.
Johnson, Ch., concurred.